IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: | Chapter 7 Case |
| HAROLD DEAN THORNTON<br>DEBRA ANN THORNTON | Number 11-21007 |
| Debtors | |
| U.S. TRUSTEE | |
| Movant | |
| v. | |
| HAROLD DEAN THORNTON | |
| Respondent | |

**OPINION AND ORDER DENYING U.S. TRUSTEE'S MOTION TO DISMISS**

This matter is before me on the Motion to Dismiss Joint Debtor, Harold Dean Thornton, Under 11 U.S.C. § 707(a) filed by the U.S. Trustee on January 20, 2012. (ECF No. 44.) A hearing was held on May 17, 2012, after which I took the matter under advisement. The Motion to Dismiss is denied for the reasons that follow.

Harold Dean Thornton and Debra Ann Thornton filed a joint petition for chapter 7 relief on August 25, 2011. (ECF No. 1-1.) Debra Ann Thornton was granted a discharge on February 9, 2012. (ECF No. 49.) The U.S. Trustee contends that Harold Dean Thornton

AO 72A
(Rev. 8/82)

is not eligible to receive a discharge and therefore should be dismissed from the case. (ECF No. 44.)

I agree with the U.S. Trustee that Mr. Thornton is not eligible to receive a discharge in the present case. A debtor is ineligible for a discharge if the debtor received a discharge in a chapter 7 case or a chapter 11 case that was commenced within eight (8) years before the date of the filing of the petition. 11 U.S.C. § 727(a)(8). Here, Mr. Thornton filed a chapter 7 case in Nevada on March 23, 2010, and received a discharge in that case on April 4, 2011. (ECF No. 44; Ex. D4, Discharge of Debtor.) Mr. Thornton filed the present case one year and five months after he filed the Nevada case. Therefore, he is not eligible for a discharge in the present case pursuant to § 727(a)(8).

However, the mere fact that Mr. Thornton cannot receive a discharge does not mean he must be dismissed from the case. A court may dismiss a chapter 7 case after notice and a hearing and only for cause. 11 U.S.C. § 707(a). Whether cause for dismissal exists is a matter within the sound discretion of the bankruptcy court. In re Anderson, 373 B.R. 781, 783 (Bankr. S.D. Ga. 2006). The party moving for dismissal has the burden of proving that cause exists. Dionne v. Simmons (In re Simmons), 200 F.3d 738, 743 (11th Cir. 2000). The U.S. Trustee has not argued why Mr. Thornton's ineligibility for a discharge constitutes cause for dismissal.

2

Section 707(a) states that cause for dismissal of a chapter 7 includes: 1) unreasonable delay by the debtor that is prejudicial to creditors; 2) nonpayment of required fees or charges; and 3) the debtor's failure to file the information required by § 521(a)(1) within fifteen days of the petition date. 11 U.S.C. § 707(a). These bases for finding cause are "illustrative and not exhaustive." In re Owens, No. 04-17420-WHD, 2006 WL 6589877, at *2 (Bankr. N.D. Ga. 2006) (quoting In re Padilla, 222 F.3d 1184, 1191 (9th Cir. 2000)). However, courts are divided on whether a debtor's ineligibility for a discharge constitutes cause for dismissal. Compare In re Harkins, 445 B.R. 414 (Bankr. E.D. Pa. 2009) (stating that ineligibility for discharge did not constitute cause for dismissal without a showing that the case was filed in bad faith), and In re Plummer, No. 08-14522-SSM, 2008 WL 5786896 (Bankr. E.D. Va. 2006) ("Nothing in the structure of the Code or Rules requires that a case be *dismissed* simply because a debtor is not entitled to a discharge."), with In re Blanchette, 54 B.R. 890 (Bankr. D.R.I. 1985) (explaining that debtor's inability to receive discharge under § 727(a)(8) constitutes cause for dismissal because debtor is unable to obtain the primary source of relief afforded by chapter 7).

I find that a debtor's ineligibility for a discharge does not, by itself, constitute cause for dismissal. Importantly, the

Bankruptcy Code does not require that a person be eligible for a discharge in order to qualify as a debtor pursuant to § 109.

> Nothing in [Section 727] suggests it is intended to preclude such a debtor from becoming a debtor under Chapter 7. Instead, if an individual's eligibility to receive a Chapter 7 discharge had been intended to be a prerequisite to being a Chapter 7 debtor, the restriction would have been placed in 109 instead of 727, which becomes applicable only after the individual has already become a Chapter 7 debtor.

In re Harkins, 445 B.R. at 416 (quoting In re Rogers, No. 08-21487-13, 2009 WL 161625, at *2 (Bankr. D. Kan. Jan. 14, 2009)). Accordingly, I find that there is no cause to dismiss Mr. Thornton's case.

At hearing, Mr. Thornton testified that he had attempted to dismiss his Nevada bankruptcy case several times during the pendency of that case. (See Ex. D1, Ex-Parte Motion to Dismiss Bankruptcy Proceedings; Ex. D2, Motion to Dismiss Bankruptcy Proceedings; Ex. D3, Stipulation and Order Dismissing Chapter 7 Case.) Nonetheless, the Nevada bankruptcy court did not dismiss Mr. Thornton's case. Instead, Mr. Thornton was granted a discharge (Ex. D4) before the case was dismissed on April 14, 2011 (Ex. D5, Notice of Dismissal). Mr. Thornton testified that he filed the present case relying on the fact that he had been told his case in Nevada had been dismissed.

Notwithstanding Mr. Thornton's testimony, I refuse to ignore a final order of discharge entered by another court. Mr. Thornton

4

is free to dispute the entry of discharge with the Nevada bankruptcy court. Mr. Thornton has not attempted to reopen his Nevada case to request that the discharge order be vacated as entered in error. He testified that it is not economically feasible for him to return to Nevada to do so. Nevertheless, Mr. Thornton remains ineligible for a discharge in this case pursuant to § 727(a)(8).

Accordingly, the U.S. Trustee's Motion to Dismiss Joint Debtor Harold Dean Thornton is **ORDERED DENIED**, and

**FURTHER ORDERED** that the case is to be closed without the entry of a discharge to Harold Dean Thornton.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 11th day of July, 2012.